Filed 3/25/14  P. v. Dungey CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063403 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242039) |
| DEMETRIOS DUNGEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Kleven McGann Law and Sarah Kleven McGann, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Demetrios Dungey was charged with one count of criminal threats (Pen. Code,[1] § 422); one count of dissuading a witness (§ 136.1, subd. (c)(1)); one count of threatening a witness (§ 140) and misdemeanor trespass (§ 602, subd. (k)). It was also alleged that Dungey had served two prior prison terms (§ 667.5, subd. (b)).

Following a jury trial, Dungey was convicted of criminal threats. The jury acquitted on the remaining counts. Dungey admitted the alleged prison priors. The court sentenced Dungey to a total term of two years seven months in prison.

Dungey appeals contending the trial court erred in failing to conduct a second *Marsden* hearing. (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).) He also contends the court erred in permitting the introduction of certain vulgar statements Dungey made to a police officer at the time of his arrest and booking. We will find no error and affirm.

## STATEMENT OF FACTS

In the morning of July 15, 2012, San Diego Police Officer Eric Cooper observed Dungey and another individual standing outside a liquor store on El Cajon Boulevard. The two were standing under a "no loitering sign." As the officers approached Dungey, he became angry and shouted "fuck you" many times.

The store employee told police he did not want Dungey and his companion to stand outside the store. Officer Cooper issued Dungey a citation for trespassing. Again Dungey became angry and launched into another diatribe. He said, " Cooper, you're a

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

bitch for listening to that snitch. This is kid shit. Fuck you." Dungey then turned to the employee and said, "You snitch nigger. You'll see what happens."

Dungey walked away from the store, but returned in three or four minutes. Police had waited nearby to see if Dungey might return.

Dungey went into the store and told the employee: "I will kill you. I'll kill your father. I will kill your daughter. I will come in the night. Let the police help you in the night if you are a man." The employee testified he was frightened, wanted to go home and remained afraid for a week. Dungey was arrested.

During the processing at the jail, Dungey again became angry, made threatening statements about Officer Cooper's family, including threats to have sexual intercourse with Cooper's daughters.

DISCUSSION

I

*THE SECOND "MARSDEN" MOTION*

On the day of jury selection and in limine motions, Dungey made a request to relieve appointed counsel and replace him with another appointed counsel. Following that request, the trial court held an in camera hearing and allowed Dungey to express his reasons for requesting new counsel. The court heard counsel's response and let Dungey respond to counsel's comments. Thereafter, the court denied the motion to relieve counsel. That hearing was conducted at 10:20 a.m. on the trial date. Dungey does not challenge the trial court's exercise of discretion in denying the request.

3

After denying the *Marsden* motion the court heard in limine motions and other matters with counsel and Dungey present. As the court was concluding the morning session, Dungey addressed the court and said: "Excuse me sir, we're not getting along. I don't want this man representing me, sir, truthfully, I don't." The court explained the *Marsden* motion had been denied and it was denied. Dungey responded: "So how is it that someone I'm not getting along with is still representing me?" The court observed that they may not be getting along, but that defense counsel was acting in Dungey's best interest, and again denied the motion.

While the clerk did not record Dungey's comments in the minutes as a motion, the minutes and the transcript reflect that the remarks immediately preceded the noon recess, which occurred at 11:55 a.m.

Dungey contends the trial court erred in failing to hold a second in camera proceeding to allow Dungey to further explain his reasons for seeking new counsel, and thus the court failed to comply with the requirements of *Marsden*, *supra*, 2 Cal.3d 118. After reviewing the record, we conclude the trial court did not err, under the circumstances of this case, in failing to conduct a second *Marsden* hearing, two hours after conducting a full hearing and determining there was no basis to relieve defense counsel. We agree the trial court was somewhat abrupt in responding to Dungey, however, given the proper denial of a *Marsden* motion very shortly before Dungey's renewed complaint, the court could reasonably conclude Dungey was simply attempting to rehash his meritless complaints about trial counsel. No hearing was requested by

4

Dungey and the court could reasonably conclude none was required to gain further information about Dungey's complaint.

## A. Legal Principles

Where a defendant makes clear that he or she is requesting new appointed counsel the court should hold a hearing to review the reasons for such request. (*People v. Dickey* (2005) 35 Cal.4th 884, 920; *People v. Clark* (2011) 52 Cal.4th 856, 918.) Ordinarily, hearings on a request to replace counsel should be done in camera. (*People v. Lopez* (2008) 168 Cal.App.4th 801, 815 (*Lopez*).)

While courts are required to give defendants an opportunity to explain their reasons for a request to replace appointed counsel, we do not believe such rule requires courts to stop the proceedings every few minutes to allow a defendant multiple opportunities to repeat or reargue meritless grounds for replacing appointed counsel. The purpose of the *Marsden* process is to ensure the trial court is aware of the reasons for the defendant's request. (See *Lopez, supra*, 168 Cal.App.4th at pp. 814-815.)

## B. Analysis

Dungey approaches this issue as if his renewed request for replacement of counsel was a new, free standing request, separate from that which went before. That is not the record in this case.

As we have noted, Dungey received a full and fair hearing on his request, which finished about 10:30 a.m. It is apparent from the transcript of the *Marsden* hearing that Dungey and counsel were "not getting along." Dungey wanted counsel relieved and accused counsel of statements and conduct that counsel plainly denied. It is impossible

to read the transcript and believe the trial court would not know Dungey and counsel were not getting along at the time of the hearing. We also know Dungey does not challenge the trial court's decision to deny his request.

The record demonstrates that for less than two hours Dungey and counsel were in court while the parties argued a number of issues. Dungey and counsel were in the court's view the entire time, and there is nothing in the record to indicate something new occurred between about 10:30 a.m. and 11:55 a.m. when the court actually recessed. Rather, the court could reasonably understand that Dungey's last comments were simply a continuation of his previously articulated complaints. He had already addressed counsel's alleged performance deficiencies. All the last remarks do is simply say in effect "in addition to what I have said, we don't get along." As both sides recognize, simply "not getting along" with competent appointed counsel is not grounds for replacement of counsel. A defendant is not granted veto power over the appointment of counsel by simply announcing they are not getting along. (*People v. Jones* (2003) 29 Cal.4th 1229, 1246.)

In a perfect world the court could have made further inquiries to see if something new had happened between the *Marsden* hearing and the last comments. However, given the brief time between requests and the fact all activities in the interim had been before the court, we are satisfied no further in camera hearing was required.

## II

### *OFFENSIVE STATEMENTS*

After Dungey was arrested he continued a barrage of hostile and offensive remarks to the officers.  During the processing at the jail, Dungey directed some threatening remarks to Officer Cooper, which although not charged as an offense, the prosecution offered as evidence of Dungey's intent during the charged offense.

Dungey said to Officer Cooper:  "Cooper, I bet your wife is getting fucked in the ass right now as we speak."  "Cooper, that store bitch [employee] and you are a bunch of bitch niggers who need to come to West Hollywood."  "We will show you what real men do."  "Cooper, I'm going to fuck your daughters when I get out."  "You know that, right?"  "Cooper, let me see you out on the streets without that badge and your gun."  "You don't come around my area."

Dungey moved in limine to exclude the statements as irrelevant and unduly prejudicial.  The trial court found the statements, which included a reference to the store employee, related back to the charged offense.  The court found the statements relevant to show Dungey's intent.  The court said it was conducting an analysis under Evidence Code section 352 and found the probative value of the statements outweighed any prejudicial effect.

Dungey contends the trial court erred because any marginal relevance was outweighed by the prejudicial impact of the statements to a police officer after the arrest. We find no abuse of discretion, hence no error in admitting the statements.

## A. Legal Principles

We review the trial court's evidentiary rulings under the abuse of discretion standard. We will not set aside such ruling in the absence of a record which demonstrates a clear abuse of the trial court's broad discretion. (*People v. Brown* (2003) 31 Cal.4th 518, 534-535, 545.)

Evidence is relevant if it has a tendency in reason to prove or disprove any disputed fact of consequence to the determination of the action. (Evid. Code, § 210.) Evidence of uncharged crimes is generally inadmissible to prove criminal disposition. However, such evidence is admissible to prove relevant facts, such as intent, identity, lack of mistake, etc. (Evid. Code, § 1101, subd. (b); *People v. Garrett* (1994) 30 Cal.App.4th 962, 966-967.) In order to ensure fairness, the trial court must not only find relevance, but must also weigh the probative value of such evidence against its prejudicial impact. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 402.)

## B. Analysis

Dungey's hostile and threatening remarks not only were directed at Officer Cooper, but included threats to the store employee in those remarks. The remarks are close in time to the charged threats, but also are of a similar nature including implied threats to the person, but also threats of harm to the officer's family members, just as Dungey's threats to the store employee included. It seems clear that Dungey's angry outburst toward the officer demonstrated a state of mind consistent with specifically intending to frighten his victims.

We cannot say the trial court abused its discretion in finding the probative value of the evidence outweighed any potential prejudice.  The nature of the remarks to the officer were consistent with Dungey's angry and threatening ranting.  There is no reason the later remarks would have somehow inflamed the jury.  Indeed, the jury acquitted Dungey of all but one count.  We are satisfied there was no prejudicial error in admitting the statements made to Officer Cooper.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

9